CHARLES S. JOHNSON *vs.* MARY BOUDRY.

Plymouth. October 20. — 28, 1874. AMES & MORTON, JJ., absent.

In a proceeding under the Gen. Sts. c. 150, to enforce a mechanic's lien, interest, even if not claimed in the certificate filed with the town clerk, nor in the petition, is to be computed upon the debt from the filing of the petition to the time of judgment, and upon the judgment to the time of satisfaction out of the proceeds of the sale of the estate in execution of the order of the court.

PETITION under the Gen. Sts. *c.* 150, to enforce a mechanic's lien. No interest was claimed in the petition, nor in the certificate previously filed by the petitioner in the office of the town clerk. At the trial in the Superior Court, before *Putnam, J.,*

no exception was taken to the instructions as to the principal sum for which the petitioner should have a lien. The judge instructed the jury to determine the sum due the petitioner upon the day of filing his certificate, without interest. A verdict was returned accordingly. Upon the motion of the petitioner, the judge ordered a sale of the premises, and payment, out of the proceeds, of the amount so found due, with interest from the time of filing the petition to the time of the sale. The respondent alleged exceptions.

*W. E. Jewell,* for the respondent. The debt for which the lien is given is defined in the statute as "the amount due for labor or materials." Gen. Sts. *c.* 150, § 1. No interest was claimed in the certificate filed in the town clerk's office, which is required by § 5 to contain a just and true account of the amount due. No interest was claimed in the petition, and therefore none can be allowed. *Prescott* v. *Maxwell,* 48 Ill. 82. *Protective Union* v. *Nixon,* 1 E. D. Smith, 671. *Udall* v. *Steamship Ohio,* 17 How. 17. At most, it should not have been extended beyond the date of judgment. *Barstow* v. *Robinson,* 2 Allen, 605.

*J. White,* for the petitioner.

GRAY, C. J. The respondent has no just ground of exception to the ruling and order of the Superior Court. The certificate filed in the town clerk's office could not properly include interest to accrue afterwards. The sum due to the petitioner having been unlawfully withheld by the respondent, interest, though not specifically claimed in the petition, is to be computed, in this proceeding to obtain payment of the debt by enforcing the lien, as it would have been in an action on the debt itself, from the beginning of the suit to the time of judgment ; *Barstow* v. *Robinson,* 2 Allen, 605 ; *Mills* v. *Heeney,* 35 Ill. 173 ; and from the judgment to the time of satisfaction out of the proceeds of the sale of the estate in execution of the order of the court. Gen. Sts. *c.* 133, § 8 ; *c.* 150, §§ 21, 25. *Exceptions overruled.*