CHARLES R. LEE, APPELLEE, V. STORZ BREWING COMPANY, APPELLANT.

FILED DECEMBER 6, 1905.   No. 14,022.

1. **Payment: APPLICATION.** While as between the debtor owing several debts and his creditor, where the former, at the time of payment of a sum of money, fails to designate the debt on which it is to be applied, the latter may do so, yet there is an exception to this rule, as, where the money was received by the debtor from a third party whose property would be liable for the debt in case the money was not applied upon the third party's liability. *Crane Bros. Mfg. Co. v. Keck,* 35 Neb. 683, followed and approved.

2. **Mechanics' Liens: FORECLOSURE: PLEADING.** In a proceeding to foreclose a lien for materials furnished and used in the construction of a building under the provisions of section 2, article I, chapter 54, Compiled Statutes 1903, a general denial of such lien by the owner of the building is sufficient to put the materialman on proof of the amount actually due for such material furnished.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed with directions.*

*Hamilton & Maxwell,* for appellant.

*Montgomery & Hall, contra.*

OLDHAM, C.

This was an action to foreclose a mechanics' lien for materials furnished and used in the construction of a building on a lot in the city of Omaha, Nebraska, owned by the defendant Storz Brewing Company. There was a judgment for the plaintiff in the court below, from which the defendant brewing company appeals to this court.

There is no disputed question of fact in the record. The material sued for was furnished to James P. Detrick, who had a contract with the defendant brewing company for the construction of the building in which the material was used. Detrick was made a defendant in the court below.

Judgment was rendered against him for the full amount of the account, and this judgment is not appealed from. The only dispute here is between the plaintiff material man and the owner of the building, and that is as to the application of a payment of $300 which was made by the agent of the defendant brewing company to the material man by the consent and direction of the contractor. When this payment was received, it was applied by the material man generally on the account of the contractor, and $46.23 of the payment was credited on two items of indebtedness of the contractor to the material man which were not included in the lien. It is claimed by the appellee material man that, as he had no directions as to the particular items on which the payment should be applied, he had a right to apply it generally on the contractor Detrick's account. This contention would probably be well taken in a contest between the material man and the contractor, but as to the owner of the building a different rule applies. As was said by this court in *Crane Bros. Mfg. Co. v. Keck,* 35 Neb. 683:

"While as between the debtor owing several debts and his creditor where the former, at the time of payment of a sum of money, fails to designate the debt on which it is to be applied, the latter may do so, yet there is an exception to this rule, as, where the money was received by the debtor from a third party whose property would be liable for the debt in case the money was not applied upon the third party's liability."

It is urged, however, by the appellee that as the answer of the defendant brewing company was in the nature of a general denial of the lien, it cannot avail itself of a defense of a payment without having specially pleaded such defense. Here again we think the appellee is invoking a rule that would control as between the parties to the contract for the purchase of the material, but not as between the material man and a third party whose property might be affected by a lien for such material. The right to a lien for material furnished a contractor and used in the con-

struction of a building is purely statutory, and can only be enforced by compliance with sections 2 and 3, article I, chapter 54, Compiled Statutes, 1903 (Ann. St. 7101, 7102). The latter section, after prescribing the manner in which a lien may be enforced, concludes with the following provision: "Nothing herein contained shall be taken to prevent the ascertainment by proceedings at law, or otherwise, of the amount actually due for such labor and material, and such lien shall be for no larger sum than the amount actually due therefor." We think, that, under this provision of the statute, the general denial by the owner of the property of the lien for material furnished the contractor was sufficient to put the appellee on proof of the amount due and unpaid for such material.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded, with directions to enter an additional credit for $46.23 in favor of defendant Storz Brewing Company, as of the date of August 5, 1901, the time at which said payment was made.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with directions to enter an additional credit for $46.23 in favor of defendant Storz Brewing Company, as of the date of August 5, 1901.

REVERSED.