## Thacker v. Bullock Lumber·Co.

(Decided November 1, 1910.)

### Appeal from Jefferson Circuit Court.
### (Chancery Branch, Second Division.)

1. Debtor and Creditor—Payment—Application—Innocent Third Person—Notice to Creditor.—In order to deprive the creditor of the right ·to apply a payment where the creditor does not direct the application, it must appear that the money of the innocent third party can be traced through the debtor to ·the creditor, and the creditor must know that he is receiving the third person's money, or there must be facts sufficient ·to put him on notice.

2. Equities of Parties—Knowledge of Creditor.—The equity of a property owner cannot affect the material man when it is unknown ·to him, and he acts innocently in ·crediting a payment ·by the contractor on a prior debt.

EDWARD G. KLEMM for appellant.

L. A. HICKMAN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

W. B. Thacker contracted with T. V. Brown for the building of a house for him. Brown built the house and Thacker paid him the contract price in full, amounting to $1,820.00. Brown bought the lumber which went into the house from the Bullock Lumber Company, and it asserted a lien on the house for the price of the lumber, alleging that no part of its bill had been paid. Thacker pleaded that the bill had been paid. Proof was taken, and on final hearing the circuit court entered a judgment in favor of the lumber company, adjudging it a lien on the house. Thacker appeals.

It is insisted for Thacker that the money which he paid Brown was paid by Brown to the lumber company, and was credited by the lumber company on other debts it had against Brown. It is urged that while a creditor may make an appropriation of a payment when the debtor makes none, still this right of the creditor will not be upheld to the prejudice of a third person. There is much force in the position, but the facts here do not bring the case within the rule. The evidence is clear that Thacker paid Brown the full contract price for building the house. The evidence is also clear that Brown from

time to time after he began building the house paid the lumber company various sums of money. He was building a number of houses, and bought from the lumber company during the year in which the house was built something like $20,000.00 worth of material. Where the money came from which was paid to the company is not shown. For all that appears in the record, all the money that the company received may have come from other jobs which Brown was doing. Brown kept a book of his own, in which he set down the amounts he paid the company, dividing his payments, and setting down a certain part as paid on this job or that. But the book was not shown to the company. It had no knowledge of his way of keeping the account. He made no appropriation of the payments as they were made; and the company had no knowledge where the money came from. Thacker gave his checks to Brown; Brown cashed them, and made his own payments to the company. There was nothing in the transaction to put the company on notice that the money it received came from the Thacker house, or should be applied to the payment of the Thacker bill. In Central Planing Mill Co. v. Betz, 29 R., 253, the evidence for the property owner showed that the plaintiff was notified that the money paid it by the contractors came from him, and that it was requested to apply the money to that account. The chancellor's judgment was based on this evidence and the case was affirmed by this court on the ground that on the facts there was no reason for disturbing his conclusion. In Flexner's Univ. School v. Strassel-Gans Paint Co., 112 S. W. 686, the money was paid without any direction as to how it should be credited or any information as to the source from which it came, and the contractors' lien was enforced. In that case the court said that if instead of cashing the check, the contractors had endorsed it to appellee, this would have been some notice of where the money had come from. In order to deprive the creditor of the right to apply a payment where the debtor does not direct the application, it must appear that the money of the innocent third party can be traced through the debtor to the creditor, and the creditor must know that he is receiving the third person's money, or there must be facts sufficient to put him on notice. The equity of a third person can not affect the creditor when it is unknown to him and he acts innocently. In 30 Cyc. 1237, the rule is thus stated:

"Another exception to the rule that the creditor has the right to apply the payment obtains when the money with which the payment is made is known to the creditor to have been derived from a particular source or fund, in which case he cannot, without the consent of the debtor, apply it otherwise than to the exoneration of the source or fund from which it was derived."

It is true the statute is a harsh one, and often defeats the purpose for which it is intended, but the remedy must be applied by the legislature, and not by the court.

Judgment affirmed.