## Tennis Coal Co. v. Asher & Hensley.

(Decided April 19, 1911.)

### Appeal from Leslie Circuit Court.

1. Action upon Notes—Lien—Erroneous Judgment.—In an action upon various notes the judgment directing the enforcement of a lien upon certain property was erroneous. Part of the sum sued for was secured by lien upon timber and part upon land, but all the indebtedness was not secured by lien upon both kinds of property. Appellants' title to the mineral rights in the Leslie county land was superior to appellee's mortgage lien.

2. Judgment as to Interest—Clerical Error—Court of Appeals without Power to Correct where Motion not made in Lower Court.— The judgment as to interest was clerical, but as there was no motion in the court below for correction, this court is without power to correct it, but as the reversal in part of the judgment will require the making of further orders, the error as to interest may be corrected in the lower court.

BAILEY P. WOOTON, JESSE MORGAN and GREENE & VAN-WINKLE for appellant.

EDELEN & DAVIS and I. D. LEWIS for appellees.

Opinion of the Court by Judge Settle—Reversed in part and affirmed in part.

Appellees sued J. C. Napier in the court below upon three notes. The first for $4,731 of date June 24, 1899, and due one day after date · the second for $1,000, bearing date September 29, 1899, due one year after date; and the third for $200, bearing date August 22, 1903, and due one day after date. On the note of $4,731 the following payments were credited: July 20, 1903, $1,406.19; March 5, 1904, $2,429; August 1, 1905, $205.99; August 1, 1906, $1,426.68.

The note of $4,731 was executed for standing timber situated on certain lands in Harlan county which Napier purchased of appellees by a written contract of June 24, 1899. The note was to be paid with the proceeds of the timber as sold and its payment was secured, as expressed in the written contract, by a lien retained therein on the timber.

The notes of $1,000 and $200 were executed by Napier for money furnished him by appellees and indebtedness incurred for him by them, to enable him to get out the Harlan county timber. The payment of the $1,000 and $200 notes was secured by a mortgage on two tracts of land owned by Napier; one lying in Leslie county and the other in Clay county. This mortgage bears date October 22, 1899, and stipulates that it was executed to secure the $1,000 note, and also "any other indebtedness second parties (appellees) may incur for first party (Napier) in a log job on Beech Fork." It, therefore, also secured the payment of the $200 note which was executed about three years after the mortgage was given

The mortgage though executed October 22, 1899, was not recorded in the office of the clerk of the Leslie County Court until August 22, 1903.

By a writing or title bond of date April 14, 1902, and duly recorded August 17, 1902, the Midland Coal and Iron Co. became by purchase from J. C. Napier, and for a valuable consideration cash in hand paid, owner of the mineral rights in the Leslie county land embraced by appellee's mortgage, which it shortly thereafter for a valuable consideration then paid, sold and assigned by proper writing to the appellant, Tennis Coal Company; and on October 23, 1903, Napier by deed conveyed the Tennis Coal Company the mineral rights in the Leslie county land which deed was immediately thereafter duly

put to record in the office of the clerk of the Leslie County Court. Appellant Tennis Coal Company was made a defendant in the action brought by appellees, as they sought in satisfaction of their several notes the enforcement of their alleged mortgage lien upon the Leslie county land in which it owns the mineral rights .

The answer of Napier does not appear to have been made a part of the record, for which reason we can not tell what defense he interposed to appellee's action, but the answer of appellant denied that appellees had a mortgage lien on the mineral rights in the Leslie county land as security for the payment of the notes sued on; alleged the payment by Napier of the $1,000 and $200 notes, and insisted that if the court should adjudge that the mortgage lien covers the mineral rights in the Leslie county land, sale of the Clay county land should first be decreed to satisfy whatever might be due appellees from Napier on the notes.

The court, however, adjudged that the payments Napier had made appellees were properly credited upon the $4,731 note; gave appellees judgment for all the notes, subject to the credits entered on the $4,731 note; enforced the mortgage lien; directed the sale in satisfaction of the notes, first of what was left of the timber in Harlan county, then the surface of the Leslie county land, and last, if these properties did not pay Napier's indebtedness to appellees, a sale of the mineral rights in the land. Appellant complains of the judgment and has appealed.

The judgment is in our opinion erroneous. In the first place the $4,731 note is not secured by the mortgage given on the Leslie and Clay county lands. It was secured by the lien retained on the timber by the contract evidencing the sale to Napier of the timber. Only the $1,000 and $200 notes were secured by the mortgage on the Leslie and Clay county lands. We, however, concur in the conclusion of the circuit court that the payments made by Napier to appellees were properly credited on the $4,731 note; the evidence shows this was done by agreement between them. But such application of the credits, still left the $1,000 and $200 notes substantially, if not wholly unpaid, and still a lien upon the lands covered by the mortgage. We are further of opinion, however, that the mineral rights acquired by appellant in the Leslie county land were not subject to the mortgage; they were acquired by appellant's vendor and from it by

appellant in good faith, for a valuable consideration and without knowledge of appellees' mortgage, which had not then been recorded in Leslie county; and when appellant received of Napier the deed conveying it such mineral rights, though the deed was executed after appellees' mortgage was recorded in Leslie county, the conveyance related back to the date of appellant's vendor's purchase of the mineral rights, the title to which must in law, be regarded as having then and as of that date passed to and vested in appellant. Ky. Statutes, section 496; Hardin's Exrs. v. Harrington, 11 Bush, 367; Lane v. Morton, 23 R., 438; Lindsey's Heirs v. Rankin, 4 Bibb., 482; Anderson v. Wells, 6 B. Mon., 540; Royal v. Miller, 3 Dana, 55; Blight's Heirs v. Bank's Exor., 6 T. B. Mon., 136.

This conclusion makes it unnecessary for us to determine whether the judgment should have required appellees to exhaust their lien upon the Clay county land before selling the tract in Leslie county.

The error in the judgment as to interest was a clerical misprision. As appellants did not move for its correction in the circuit court we are without power to correct the error on appeal. But as the reversal in part of the judgment will require the making of further orders in the circuit court, it would be proper to correct in that court the error as to the item of interest.

For the reasons given the judgment, in so far as it directed and permitted the sale of the mineral right in the Leslie county land, is reversed. In other respects it is affirmed.