## WILLIAM M. HARRIS, JR. *vs.* JAMES A. GILBERT.

MARCH 3, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is a petition to establish a mechanic's lien for building materials furnished by the petitioner to a firm of contractors, and used by them in the construction and reparation of a house for the respondent, on land owned by the respondent.

The case was heard before a justice of the Superior Court who entered a decree establishing the lien as claimed to the amount of $902.71, with interest thereon amounting to $31.22. The cause is here upon the respondent's appeal from said decree.

It appeared in evidence at the trial in the Superior Court that the contractors purchased the material from the petitioner; and were indebted to the petitioner for this, and also for a large amount of other material used in the construction of houses for other owners; that the material here in question was placed by the petitioner upon the respondent's land and that he kept a list of the different owners for whose houses he had furnished material to the contractors, and also a list of the materials furnished to the contractors for each house.

The contractors were in arrears upon their account with the petitioner, and he was earnestly seeking payment from them. Among other methods, the petitioner prepared a form of order in his favor from the contractors to the respondent, directing the payment by the respondent to the petitioner of the petitioner's charges for material furnished for the respondent's house. This order the petitioner sought to have the contractors get the respondent to accept. As a payment was not then due from the respondent upon his contract with the contractors, the latter were unwilling to bring the order to the attention of the respondent. They did promise the petitioner, however, that they would if possible obtain some money from the respondent upon his contract which they would pay to the petitioner. Two days thereafter the contractors did obtain from the respondent his check to their order for $500. This check the contractors at once indorsed to the order of the petitioner and delivered to him. One of the contractors testified that upon its delivery he told the petitioner "that is all I can get from Dr. Gilbert upon his account." The petitioner and his witness denied at the trial that at the time of the delivery of the check to the petitioner there was any direction from

the contractors as to the application of the payment of $500. The justice found that the respondent had not established a direction by the debtor, that the payment was to be applied upon that portion of the debtor's account which related to the materials furnished to the respondent's house. The respondent claims, however, that, from the petitioner's knowledge of the undisputed circumstances surrounding the making of the check and its transfer to them, the petitioner was bound to apply it for the respondent's benefit. The petitioner did apply the payment to the oldest unpaid items of the contractors'. general account with the petitioner, all of which items antedated the charges for material furnished to the house of the respondent. Three days thereafter the petitioner instituted these lien proceedings. The rule that, in the absence of a direction to the contrary by a debtor, payments upon a general account may be applied by a creditor to the oldest item thereon, is one of general application; in most cases as pertinent to an account for which a material man may establish a lien as to any other. The claim of the respondent raises the question whether in view of the circumstances surrounding this particular transaction a different application should have been made of the payment of $500.

At the time the petitioner received the respondent's check for $500, the contractors were insolvent. Their financial condition was well known to the petitioner. He also at that time had formed the intention of commencing proceedings against the respondent to establish a lien for the materials furnished for the respondent's house. Neither of those facts was known to the respondent at the time he made the check. The petitioner was actively pushing the contractors to obtain a payment from the respondent, before it was due, in the amount of the charges for material furnished for the respondent's house. The petitioner knew that the payment of $500 was the immediate result of these efforts on his part. In the circumstances the trial justice properly admitted evidence that the respondent at the time

of making the check was informed of the purpose for which it was sought, that it was to be applied in payment for the lumber furnished to his house, and that he made it with the intent that it should be so used. If at the time the check was indorsed over and delivered to the petitioner the contractors did not direct its application, as they claimed.they did, nevertheless from what had taken place between themselves and the petitioner leading up to the delivery of the check and the making of the payment they had a right, without explicit direction, to infer that it would be applied against the material furnished to the respondent's house. Upon a similar state of facts the court in *Koehler* v. *Bierbaum*, 122 S. W. 524, took the view we have here expressed. The petitioner was bound in good faith to so apply it. This proceeding is equitable in its nature and the court should not permit the petitioner to make any other application of this payment of $500 save to those charges on the account for materials furnished for the respondent's house. In the following cases, presenting states of fact resembling those at bar, the courts have not hesitated to depart from the general rule as to the application to be made of payments upon a general account. *Koehler* v. *Bierbaum*, 122 S. W. 524; *Crane Bros. Co.* v. *Keck*, 35 Neb. 683; *Lee* v. *Storz*, 75 Neb. 212; *Dorris Lumber Co.* v. *Cummins*, 157 Ill. App. 10; *Sioux Co.* v. *Merten*, 174 Iowa, 332; *Crane Co.* v. *Pacific Co.*, 36 Wash. 95. The latter case was not one involving a mechanic's lien. The principles, however, which governed the decision of the court in that case are applicable here.

The decree of the Superior Court should be modified and the petitioner's lien established for the sum of $402.71 with the interest to which this petitioner would be entitled in an action against the contractors for the recovery of said sum. *Johnson* v. *Boudry*, 116 Mass. 196.

On March 6, 1925, the parties may present a form of decree in accordance with this opinion.

*Ernest P. B. Atwood*, for petitioner.
*John P. Beagan, Edmund F. Beagan*, for respondent.