## Trauth et al. v. Voss.

(Decided November 15, 1929.)

BLAINE McLAUGHLIN for appellants.

JOHN W. HEUVER for appellee.

Opinion of the Court by Drury, Commissioner—Affirming.

Frank Trauth et al. are complaining of a judgment for the sale of their property to satisfy a materialman's lien.

Trauth contracted with W. P. Julian to build a house for him, and he has paid Julian. Julian bought the material used in this house from Voss, and the latter in due time and form asserted a lien therefor upon which he sued Trauth, Julian, et al., with the result noted.

About May 8, 1926, Trauth gave to Julian a check for $2,000, and directed Julian to pay for this material. Julian deposited this check to his individual credit, and gave his check to Voss for $1,500, and he says he then directed Voss' general supervisor, Edwin A. Ziegler, to apply this to the payment of the bill for materials used in the Trauth house. Ziegler denied that Julian gave him such direction, and he credited this $1,500 upon the account of Julian, for materials used by Julian in other houses. Julian was then building other houses both for himself and for others.

Julian's statement about directing the application of this $1,500 was much weakened when, on cross-examination, he admitted he was unable to say whether he gave this check to Ziegler, the stenographer, or Mr. Voss himself. We can place but little credence in what he says about directing the application of this money when he is unable to say to whom he gave it.

Here is the method used by Voss in his dealings with Julian, the various buildings he was erecting were called "Jobs" and were given numbers. The Trauth building was "Julian Job No. 16." When Julian ordered material for a job he would give the number of the job, and

Voss would make out a ticket for the material for Julian Job 10, 12, or whatever the number was, and these tickets were kept in some sort of loose-leaf filing system until the job was completed, then Julian was billed for the job, he was charged with it on the ledger, and, if settlement was not had, lien was asserted.

This Trauth job was finished about the last of August, 1926, and, when this $1,500 was paid by and credited to Julian, in May, Voss had not charged this Trauth material to Julian on the ledger.

If the evidence had shown that Voss knew that this $1,500 had come from Trauth, then this judgment would be erroneous. See Central P. M. & L. Co. v. Betz, 92 S. W. 591, 29 Ky. Law Rep. 252. Where he did not know, the rule favors the materialman. See Flexner University School v. Strassel Gans Paint Co. (Ky.) 112 S. W. 686. Also 48 C. J. p. 652, note 9. This case cannot be distinguished from Thacker v. Bullock Lumber Co., 140 Ky. 463, 131 S. W. 271, there cited.

Trauth or Voss, one must sustain a loss. Trauth could have protected himself by making his $2,000 check payable to both Julian and Voss instead of Julian alone. "Where one of two innocent persons must suffer, the loss must fall upon him who put it in the power of a third person to cause the loss." Brown's Adm'r v. Wilson et al., 222 Ky. 454, 1 S. W. (2d) 767, 769.

The judgment is affirmed.