## National Surety Corporation v. Massachusetts Bonding & Insurance Co.

Nov. 3, 1939.

Grover C. Thompson and Grover C. Thompson, Jr., for appellant.

R. W. Keenon and B. L. Kessinger for appellee.

Opinion of the Court by Chief Justice Ratliff— Reversing.

The appellant has prosecuted this appeal from a judgment of the Fayette circuit court refusing to allow it to file its intervening petition in an action in that court styled, Massachusetts Bonding and Insurance Company v. Blair and Franse Construction Company, involving certain funds due by the State Highway Department of Kentucky to the Blair and Franse Construction Company, as an unpaid balance due on certain road construction work done under contract between the State Highway Department and the Blair and Franse Construction Company.

On June 12, 1937, the appellee, Massachusetts Bonding and Insurance Company, obtained a judgment in the Fayette circuit court against Blair and Franse Construction Company for the sum of $2,967. On July 29, 1937, an execution was issued by the clerk of the Fayette circuit court and placed in the hands of the sheriff of Fayette county and later returned, endorsed, "No property found." On July 29, 1937, appellee filed its petition in equity against Blair and Franse Construction Company, alleging that it had obtained the judgment, referred to above, against the Blair and Franse Construction Company, on which judgment an execution had issued and had been returned, endorsed, "No property found." A general order of attachment was issued and served on the proper officials of the State Highway Department, the State Auditor and the State Treasurer of Kentucky, for the purpose of staying payment by the state highway department of any sums of money it may owe to the Blair and Franse Construction Company. The State Highway Department filed its answer, disclosing that it was holding the sum of $1,078.62 as final estimate for the construction of a certain road project by the Blair

and Franse Construction Company for the Highway Department, which sum was being held for final release forms properly executed by the Blair and Franse Construction Company, but that it would be necessary for said contractor, or someone having power to do so for it, to sign the final release to the State Highway Department. By subsequent orders the court sustained the order of attachment and appointed a special commissioner to sign the final release for the Blair and Franse Construction Company to the Department of Highways and to endorse the check for $1,078.62, payable to it by the Department of Highways, and directing the Department of Highways as garnishee to pay said fund into court, and after the payment of the costs, the balance of $1,078.62 should be paid to attorneys by appellee as a credit on its judgment.

After the entry of the above orders, on December 16, 1937, the appellant, National Surety Corporation, filed its motions in the Fayette circuit court, seeking to have the funds in question applied to the payment of certain outstanding labor and material claims, and further sought to set aside the previous orders of the court, and following the above motions, on December 18, 1937, appellant tendered, and offered to file, its intervening petition, setting up its claim to the funds in question, to the filing of which appellee objected.

The tendered intervening petition alleges, in substance, that in October, 1936, Blair and Franse Construction Company (hereinafter called the contractor) executed a performance bond covering a gravel resurfacing contract project in McLean County, Kentucky, and that the petitioner, appellant, signed said bond as surety; that the contract was completed by the contractor in accordance with the terms thereof, except that said contractor failed to pay outstanding labor and material claims in the carrying out of the contract. That the said sum of $174 due Kentucky Concrete Pipe Company and the sum of $296.80 due Kentucky Culvert Manufacturing Company are among the labor and material bills incurred by said contractor in carrying out said contract which have not been paid by the said contractor, and that this petitioner under its surety agreement with the highway department of the state of Kentucky, became and is liable for the payment of those claims and other claims incurred by said contractor, which have not been paid by it. That the said unpaid creditors and

claimants and this petitioner have a lien upon the funds payable by the State of Kentucky, or the State Highway Department, to said contractors to secure said contractors and claimants and this petitioner in payment of said claims and said unpaid claimants and this petitioner should have been made parties to the action.

In April, 1938, appellant tendered its amended intervening petition, which reads as follows:

"That on or about October 30, 1936, but as of November 12th, 1936, Blair and Franse Construction Company executed a performance bond covering a gravel re-surfacing contract entered into between it and the Commonwealth of Kentucky, through its Department of Highways, and known as Project SP-587-AS, McLean County, Kentucky, and that this petitioner signed said bond as surety.

"That by reason of the signing of said bond as surety, this petitioner has been compelled to pay to Kentucky Concrete Pipe Company the sum of $174.00 and to pay to Kentucky Culvert Manufacturing Company the sum of $296.80.

"That said Kentucky Concrete Pipe Company and Kentucky Culvert Manufacturing Company were entitled to be paid out of the attached fund of $1,078.62 which was the final estimate, number four, on McLean County Project 587-AS, and at the time of the service of the attachment on July 31st, 1937, by plaintiff herein, and at the time said fund was paid into the Fayette Circuit Court, and paid out by the Special Commissioner to attorneys for plaintiff, said two creditors or materialmen had an equitable lien upon said fund.

"That said fund of $1,078.62 was paid by the check of the Department of Highways of the State of Kentucky, as representing the final estimate on said project and that at the time of the service of said attachment, and at the times when said orders were entered on December 4 and December 11, 1937, plaintiff knew that said fund came from the balance due Blair and Franse Construction Company on said project; that said payment was made by the Department of Highways into Court by mistake, and the Department of Highways was entitled to, and could have recovered said sum from Massachusetts Bonding and Insurance Company; that said

fund was paid into the Fayette Circuit Court under and pursuant to said order, and not voluntarily.

"This intervenor states that said two materialmen were entitled to and had an equitable lien upon said fund of $1078.62, to secure the payments of their respective claims, and that this surety is entitled to be subrogated to the rights of said two materialmen, and is entitled to have a sufficient amount of said fund paid back into court by plaintiff to satisfy said two claims paid by this surety.

"Plaintiff states that previous to the execution of the contract herein involved, on November 12, 1936, Blair & Franse Construction Company executed an indemnity agreement to National Surety Corporation wherein in Paragraph Five, it is provided:

" '5. If any such bond be given in connection with a contract, to assign, transfer and set over, and the indemnitors (appellants) do hereby assign, transfer and set over, to the surety or sureties executing said bond or bonds, such assignment to become effective as of the date of said bond or bonds, but only in the event of any such abandonment, forfeiture or breach as aforesaid—

" 'a. All their right, title, and interest in and to all machinery, plant, tools and materials which are now or may hereafter be upon the site of the work embraced, in such contract, or elswhere for the purposes thereof, including all materials purchased or ordered for said contract, whether such materials be completely manufactured or not;

" 'b. All their right, title and interest in and to any and all subcontracts let or which may be let in connection with such contract;

" 'c. Any and all percentages of the contract price, retained on account of said contract, and any and all sums that may be due under said contract at the time of such abandonment, forfeiture or breach, or that thereafter may become due;

" 'd. All their rights in, and growing in any manner out of said contract or said bond or bonds.'

"The National Surety Corporation is entitled to the fund retained by the Highway Department to the extent that it has been compelled to pay

claims of materialmen, not only by reason of its equitable lien, and by subrogation, but by reason of said assignment and said indemnity agreement.

"Wherefore, petitioner prays that it be permitted to file this amended intervening petition, and that same be made a counterclaim against plaintiff, and that plaintiff be required to refund the said sums of $174.00 and $296.80 with interest thereon from December 11th, 1937, until paid, and for its costs herein expended."

By a second tendered intervening petition it was alleged that appellant had paid to the Kentucky Concrete Pipe Company the additional sum of $441 for materials furnished on the road project mentioned in the previous pleadings.

It is appellee's contention that appellant's tendered intervening petition stated only mere conclusions, since it is not shown that appellant was legally bound to pay for the material furnished the contractor set out in its pleadings. It is the argument of appellee that there could have been no valid lien for the material alleged to have been furnished the contractor and for which appellant was legally bound to pay, unless the materialmen had perfected their liens, as provided in Sections 2492 and 2494 of the Kentucky Statutes, which provides for the filing of certain statements and other steps to be taken in order to acquire a subsisting valid lien, and, since there is no allegation tending to show that the materialmen had acquired a valid lien on the funds in question, they had no legal rights to which appellant could be subrogated.

It must not be overlooked, however, that the question here presented is not solely whether the materialmen had taken the steps required by the statute to perfect a statutory lien on the funds in question; or had a perfected right to which appellant might be subrogated. The determinative question is, whether or not the assignment by the contractor to appellant when it became surety on the bond executed by the contractor to the State Highway Department, was sufficient to create an equitable lien on the funds in question in favor of appellant for its protection in the event the contractor failed to pay the materialmen, labor, etc., provided in the bond, which was a part of the contract between the contractor and the State Highway Department.

Were the assignment relied on by appellant a recordable instrument and had not been recorded, as provided in Section 496 of the Kentucky Statutes, before appellee acquired its attachment lien, a different question might be presented. But since the assignment was not such a recordable instrument, mentioned in Section 496 of the statute, a recordation of it was not necessary to create an equitable lien under the assignment. In Newby & Taylor v. Hill & Million, 2 Metc., 530, 59 Ky. 530, wherein a similar question was presented, it was held that the statutes which require the recording of mortgages, deeds, etc., of real and personal estate, do not embrace choses in action or claims for debt. The court said:

> "In a contest between equities merely, that which is prior in time must prevail. And such is the contest here. The appellees, as attaching creditors, acquired only a lien upon, or equitable right to, the debt in the hands of the garnishee. But this equity is subordinate to that acquired by an assignee of the debt whose equitable right was created before the commencement of the action. ([Forepaugh v. Appold], 17 B. Mon. [625], 630, and other subsequent cases to the same effect.)" Other parts of that opinion are pertinent to the question here involved, but since a reference to that opinion is sufficient, we will not quote further therefrom.

Appellant sufficiently pleaded the assignment of the fund in question before appellee acquired its attachment lien, and, indeed before the commencement of the action. It is provided in the bond or assignment that such assignment shall be effective as of the date of the bond. It is also alleged that the contractor had failed to pay the materialmen for the material furnished the contractor and that by reason of appellant becoming surety on the contractor's bond, it was liable for and paid the materialmen for the material furnished.

Thus, we have the situation of appellant having acquired an assignment on a retained percentage which constitutes the funds attached by appellee, from the date of the execution of the bond by the contractor to the State Highway Department, dated October 30, 1936, which was not only prior to the issuance and return of the execution sued on by appellee, but also prior to its judgment rendered in June, 1937, on which the execution issued.

In Trauth v. Voss, 231 Ky. 544, 21 S. W. (2d) 832, it is held that a creditor, holding a claim against a contractor which did not arise out of materials furnished to the contractor for a particular object, had a right to apply a check received by him from a contractor upon an old or outside debt, when he did not have notice that the check had come from the owner of the property. In the case at bar the State Highway Department was the owner of the property, (in the sense of the word "owner" as used in the case, supra), and appellee herein was a creditor of the contractor, but the debt which appellee sought to collect by attaching in the hands of the State Highway Department did not grow out of the McLean county project, and appellee knew these facts before and at at the time it procured its order of attachment and garnisheed the funds in the hands of the State Highway Department. Having such knowledge, it is obvious, under the authority of the Newby case, supra, and authorities hereinafter cited, that appellee's attachment lien is inferior to the equitable lien created by the assignment in favor of appellant.

In Morgenthau v. Fidelity & Deposit Company, 68 App. D. C. 163, 94 F. (2d) 632, 636, it is held that the surety's rights are not limited alone to the terms of the assignment contained in the indemnity agreement, when the surety's equitable rights come into existence when the bond was executed. The court said:

"We likewise held that this equitable right or lien existed in favor of the surety from the date of the bond. We said as much again in the recent case of Philadelphia National Bank v. McKinlay, Trustee, 63 App. D. C. 296, 72 F. (2d) 89. In these circumstances, we have no doubt that appellee, as surety, is entitled to priority, notwithstanding the subsequent assignment of the fund by contractor; and this is true even though the assignment was given for an advancement of money used in the prosecution of the work. * * *"

See, also, Martin v. National Surety Company, 300 U. S. 588, 57 S. Ct. 531, 535, 81 L. Ed. 822, wherein it is held that when the assignment to the surety creates a lien on the fund, the contractor will be compelled to fulfill the duty thus assumed, and that an assignment ineffective at law may none the less amount to the creation of an equitable lien when the subject matter of the assignment has been reduced to possession and is in the

hands of the assignor or of persons claiming under him with notice. The court further said:

> "The terms of the bond are read into the contract, and there is default under the contract when there is default under the bond."

Also, in Farmers' Bank v. Hayes, 6 Cir., 58 F. (2d) 34, 37, it is held that when the surety is obliged to pay labor and material claims, it is subrogated to the right of such claimants to the funds reserved by the owner or governmental authority. The facts in that case might not be precisely the same as those in the case at bar, since it deals largely with the question of subrogation, but the same principle of law applied therein is also applicable to the present case, aside from subrogation. In that case the court said:

> "But, whether in the instant case the surety's rights arise out of subrogation to the rights of the board of trust or of the equitable liens of the laborers and materialmen, the result is the same. In either case the equitable rights of the surety become fixed as of the date of the bond, and are superior to those of any holder of an after-acquired lien."

See, also, Henningsen v. United States Fidelity & Guaranty Company, 208 U. S. 404, 28 S. Ct. 389, 52 L. Ed. 547.

It is our conclusion, therefore, that appellant's tendered intervening petition, and petition as amended, stated a cause of action, and that the court erred in refusing it to be filed.

The judgment is reversed and remanded with directions to set it aside and for proceedings consistent with this opinion.

Whole Court sitting.