ASH GROVE LIME & PORTLAND CEMENT COMPANY, APPELLEE, V. MORAN CONSTRUCTION COMPANY, APPELLEE: CONTINENTAL CASUALTY COMPANY, APPELLANT.

296 N. W. 761

FILED MARCH 7, 1941. No. 30928.

*Smith & Schall, O'Sullivan & Southard* and *Gerald M. Vasak,* for appellant.

*William R. Patrick* and *Ellick, Fitzgerald & Smith, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE and MESS-MORE, JJ., and LANDIS and MUNDAY, District Judges.

LANDIS, District Judge.

The Ash Grove Lime & Portland Cement Company, a corporation, appellee, obtained below a judgment for $26,181 on a contract bond against the Moran Construction Company, a corporation, as principal, and the Continental Casualty Company, a corporation, as surety. The Continental Casualty Company, appellant, alone appeals therefrom.

The facts are: The Moran Construction Company entered into a written contract with the department of public works of the state of Nebraska for the construction of a highway, and agreed therein, among other things, "to pay all just claims for material, supplies, tools, machinery and labor, and all other just claims filed against it or any of its subcontractors in carrying out the provisions." To secure the faithful performance of this contract, the Moran Construction Company, as principal, and the Continental Casualty Company, as surety, executed and delivered to the state their contract bond providing therein, among other things: "It is expressly understood and agreed that this bond is given to secure and does secure not only the faithful performance by the principal herein named of said contract for the construction work as specified in said contract and in strict accordance with the terms of said contract and the plans and specifications thereto attached and made a part thereof, but that it is given to secure and does secure also the payment by the said bounden Moran Construction Company of all just claims for materials, lubricants, oil and gasoline used or consumed in the construction of the work."

The Moran Construction Company entered into a written contract with the Ash Grove Lime & Portland Cement Company to purchase the cement necessary to carry out the highway construction project. In accordance therewith, cement was delivered and used in the project. Out of the

proceeds of the project, various sums were paid to the appellee cement company by the Moran Construction Company, some of which were credited on the cement purchased. Two such payments in amounts of $5,029.15 and $15,970.85, totaling $21,000, were not credited on the cement purchased, but by specific direction written in the checks the Moran Construction Company ordered the cement company, appellee, to apply them in payments of notes due appellee on other construction contracts than that covered by the contract bond as is shown by the checks themselves reproduced in appellee's brief. Appellee knew the source of the funds received by it in payment of the indebtedness for the cement purchased on the paving project, and of the $21,000 on notes not connected with said project, to be from payments by the state of Nebraska on the paving project covered by the bond upon which appellant is surety.

When the paving project was completed, appellee claimed that there was $18,746.10 due it for cement used in the paving project and the further sum of interest computed on items not paid within 30 days of invoice, amounting to $3,226.27, and also interest on the $18,746.10 from March 1, 1936, at 6 per cent., totaling the judgment obtained herein of $26,181 by the appellee against the Moran Construction Company as principal and Continental Casualty Company as surety. Neither appellant nor appellee have any procedural problems.

Appellee, though there is no bill of exceptions in this case, reproduces the two checks in its brief sustaining the first affirmative defense of the surety which was erroneously stricken below. It is apparent from the record that there is upon the part of all counsel a commendable attempt to submit all the facts, leaving for the court only a question of law to determine.

The controlling proposition for decision is: Where a contractor owes to the same creditor several debts growing out of various construction contracts, one of which is secured by a bond, has the surety on such bond a legal right to have any payment made by the contractor, principal on

such bond, from funds derived from such contract applied in satisfaction of the debt created under such contract, in preference to any other indebtedness of the contractor to such creditor, where the creditor knows the source of such funds?

Ordinarily, where the debtor directs the application of payments, the creditor must comply with the direction. Should the additional situation that the surety has some interest or equity in the funds with which the debtor makes payment to the creditor who has knowledge of the source thereof furnish an exception to this rule and allow the surety to insist that at least such payments shall be made to discharge the assured debt?

With us it is a matter of first impression and in considering the cases of other jurisdictions we find them in hopeless conflict. On analysis they may be said to fall into two main classes, one where they allow the surety to apply and control such payments, and the other where such right is refused the surety. The cases which allow control are divided into two classes, one allows control by the surety in every case, and the other allows application only where the creditor knows the source of the funds.

The courts which allow control despite knowledge by the creditor of the source of the funds place their decision on the ground of the equitable interest of the surety. Emphasis is made of the fact that money received from the contract upon which the surety is liable should be applied on the contract obligations upon which such surety can be held. *Columbia Digger Co. v. Rector,* 215 Fed. 618; *Columbia Digger Co. v. Sparks,* 227 Fed. 780; *Sioux City Foundry & Mfg. Co. v. Merten,* 174 Ia. 332, 156 N. W. 367.

The courts which refuse to allow the surety to direct application of the payments unless the creditor knew the source of the funds seem to reason by analogy that the surety's interest resembles somewhat of the *cestui* in a constructive trust, where the contractor assumes the position of trustee and the contract funds the trust *res.* *Thacker v. Bullock Lumber Co.,* 140 Ky. 463, 131 S. W. 271;

*Sturtevant Co. v. Fidelity & Deposit Co.,* 92 Wash. 52, 158 Pac. 740.

There are the opposing views, where it is held that the surety has no right to apply and control the payments of the contractor to the creditor, even where such creditor has full knowledge of the source of the payment and of the surety relation. *Grover v. Board of Education,* 102 N. J. Eq. 415, 141 Atl. 81; *Standard Oil Co. v. Day,* 161 Minn. 281, 201 N. W. 410, 41 A. L. R. 1291. In commenting on this last case in the note in 41 A. L. R. 1298, it is suggested in relation thereto: "When, as in the reported case, the secondary creditor knew the source of the funds with which the secondary payment was made, the weight of authority seems to support the right of the person making the original payment (or one in the same position) to insist upon an application of the secondary payment which will protect him, or his property; or, at least, upon that hypothesis it cannot be said affirmatively to support the contrary view which is taken in the reported case." There are certain situations where equitable principles may be applied that relax the strict rules. This is true in our state in the materialman's lien cases for materials furnished a contractor for erection of buildings and the liability of the owner is considered. *Crane Bros. Mfg. Co. v. Keck,* 35 Neb. 683, 53 N. W. 606; *Boyer-Van Kuran Lumber & Coal Co. v. Colonial Apartment House Co.,* 94 Neb. 180, 142 N. W. 519; *Lee v. Storz Brewing Co.,* 75 Neb. 212, 106 N. W. 220; *Ballou v. Black,* 17 Neb. 389, 23 N. W. 3. In these cases the liability of the real estate to the statutory lien constitutes the suretyship obligation with the contractor as principal, and our court holds that the materialman should be required to apply payments which he knew came from the surety to discharge the debt upon which the latter was liable. Thus, where property was bound by a materialman's lien for materials furnished a contractor for the building and the owner, at the contractor's order, made a payment to the materialman, the latter could not apply that payment to other than debts due from the contractor, but must apply

it all to the discharge of the debt secured by the lien. *Lee v. Storz Brewing Co., supra.*

The conditions of this public contractor's agreement with the state for the paving contract, and the bond given to protect that agreement in the instant case, create an implied understanding that, where the creditor knew the source of the funds, money received from the paving contract cannot be applied to other indebtedness so as to make the contractor's surety liable for materials furnished under the contract as for materials not paid for. It would seem to have the materials paid for by the state and by the contractor used on other indebtedness to the materialman, with full knowledge of the source, amounts to constructive fraud. In the ultimate analysis, it amounts to the creditor receiving the money from the state, through the contractor principal, with knowledge of its source, for cement used in the paving contract, and then again being paid for by the surety. The sounder rule is that a creditor, with knowledge of the source of the money, cannot apply it to a debt other than that secured by the bond, so long as the bond remains unsatisfied. The payment by the contractor principal must be applied by the creditor, who has knowledge of the source of the funds, to the extinguishment of the liability of the surety on the contract on which it is received.

The rule is where a contractor owes to the same creditor several debts growing out of various construction contracts, one of which is secured by a bond, the surety on such bond has a legal right to have any payment made by the contractor, principal on such bond, from funds derived from such contract applied in satisfaction of the debt created under such contract, in preference to any other indebtedness of the contractor to such creditor, where the creditor knows the source of the funds. The general principle that a surety in a case such as the one at bar has a special interest in the funds arising from payments made under the contract is based upon sound equity, fair dealing, and fundamental honesty and is supported by numerous authorities, as listed in *Nelson Mfg. Co. v. Wallace,* 66 S. W. (2d) (Tex. Civ. App.) 505.

If the two payments made by the Moran Construction Company to the appellee, totaling $21,000, had been properly applied in satisfaction of the debt created under the paving contract for cement used therein instead of to other indebtedness of the contractor principal to the said creditor, then there would be no liability upon the part of the appellant on its contract bond.

The judgment against the contractor principal unappealed from stands, but as to the judgment against the surety entered below and appealed from, there is a reversal, with directions to enter a dismissal as to such surety.

REVERSED AND DISMISSED.