**In re VAN WINKLE.**
No. 14206.

District Court, W. D. Kentucky, Louisville.
March 26, 1943.

712

Eli H. Brown, III, U. S. Atty., and Malcolm P. Wallace, Asst. U. S. Atty., both of Louisville, Ky., for the United States.

J. Ashlin Logan and Jouett & Metcalf, all of Winchester, Ky., for Standard Accident Ins. Co.

MILLER, District Judge.

The United States of America, a creditor of the bankrupt herein by reason of unpaid unemployment taxes, has petitioned for a review of the order of the Referee in Bankruptcy entered on December 4, 1942, which order adjudged the claim of the United States of America inferior to the claim of the Standard Accident Insurance Company.

The bankrupt, Stephen Van Winkle, was engaged in the contracting business under the trade name of Van Construction Company. On October 17, 1938, he entered into a contract with the Fiscal Court of Clark County, Kentucky, for the erection of a schoolhouse. This contract contained a provision that the Fiscal Court was to retain at all times 10% of the contract price of the work until the contract was completed and all material and labor paid for. At the time of entering into the contract the Construction Company executed a bond with the Standard Accident Insurance Company as surety for the faithful performance of the contract and the payment of all bills for material and labor and assigned to the surety for its protection in the matter the Construction Company's interest in the retained percentage held by the Fiscal Court. The Construction Company completed the work and it was accepted by the County, but it failed to pay all of the bills for material and labor. The Standard Accident Insurance Company was compelled to pay these unpaid claims in the amount of $1,598. which it did on April 6, 1941. Thereafter on May 14, 1941, the Construction Company was adjudicated a bankrupt. On July 6, 1940, which was after the execution of the bond but before the surety made any payments for unpaid bills, the United States of America filed in the County Court Clerk's Office of Clark County, Kentucky, a notice of its assessment against the Construction Company for unpaid unemployment taxes for the year 1939 in the amount of $1,820.38, as provided by Section 3672 of 26 U.S.C.A. Internal Revenue Code. The amount due the bankrupt from the County by reason of the retained percentage was approximately $1,716.52, against which both the Standard Accident Insurance Company and the United States of America asserted lien claims in the bankruptcy proceedings. The Referee's order adjudged the claim of the United States of America inferior to the claim of the Standard Accident Insurance Company. The United States of America claims priority over the Insurance Company by reason of Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, and also by reason of the provisions of Section 3466 of the Revised Statutes, being Section 191, 31 U. S.C.A.

It is well settled both under Federal decisions and under rulings of the Court of Appeals of Kentucky that a surety who makes good under his contract of suretyship upon default of his principal under conditions as existed in this case acquires an equitable lien against the retained percentage in the hands of the party in whose favor the bond ran. Prairie State Nat. Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412; Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34; Movl Const. Co. v. Covington Trust & Banking Co., 258 Ky. 485, 80 S.W.2d 560; Southern Exchange Bank v. American Surety Co., 284 Ky. 251, 144 S.W.2d 203. Although the two Federal decisions differ from the two Kentucky decisions with respect to the priority of the surety's claim over the claim of a bank who had loaned money to the contractor to complete the job, yet the equitable lien of the surety company against the retained percentage is recognized in both jurisdictions. This Court recently had before it for decision whether the Federal rule or the State rule should be followed in such cases in a distribution in bankruptcy. In re Zaepfel & Russell, Inc., Bankrupt, D. C.W.D.Ky., August 9, 1941, 49 F.Supp. 709. See In re Avery, 6 Cir., 114 F.2d 768. Its ruling that the distribution should be in accordance with the rule announced by the Federal decisions was affirmed by the Circuit Court of Appeals for the Sixth Circuit by order of February 15, 1943. Farmers State Bank v. Jones, 135 F.2d 215. Accordingly, in this proceeding the two Federal decisions above referred to are deemed controlling in the matter. Those two cases hold in addition to awarding the surety an equitable lien against the retained percentage that the equitable lien upon payment by the surety relates back to the date of the contract and of the assignment of the retained percentage. This disposes of the Government's contention that the Insurance Company's equitable lien was not

in existence until April 6, 1941, when it made payment of the claims against the bankrupt for labor and material, and that the Government's lien which was perfected by recording on July 6, 1940, was therefore prior and superior to the equitable lien under consideration.

The Government strongly urges that even though the equitable lien of the Insurance Company relates back to the date of the bond, yet it should not be entitled to priority over the Government's tax lien because by doing so an unrecorded lien is given priority over a duly recorded one. No authority is cited as holding that such a result is contrary to law or against any equitable principle. The contention fails to recognize the basic purpose of recording statutes. The recording acts do not deal with the creation of liens between the parties, but on the contrary deal only with the question of notice of existing liens on the part of subsequent purchasers for value. Unless the question of notice comes into play, recording is immaterial. There is no statutory provision in Kentucky for the recording of an equitable lien, and it is the accepted rule that the recording of a nonrecordable instrument does not operate as constructive notice under the recording statutes. Mueller v. Engeln, 12 Bush 441; Spalding v. Paine's Adm'r, 81 Ky. 416. Accordingly, the Insurance Company did not fail to do any act which was required of it by any statutory provision, and even if it had lodged its contract for recording with the County Clerk it would have had no legal effect and would not have bettered its position in any way. The act of the Government in recording its tax lien on July 6, 1940, did not in any way better its position with respect to the lien of the Insurance Company. The lien which the Government acquired arose by virtue of Sections 3670 and 3671 of 26 U.S.C.A. Internal Revenue Code, and those rights existed irrespective of the provisions of Section 3672 of the same title which requires the lien to be recorded in order to be valid against a subsequent licnee. Recording an instrument protects one's rights with respect to the future. It does not increase one's rights with respect to events which have already transpired in the past. Tennis Coal Co. v. Asher & Hensley, 143 Ky. 223, 136 S.W. 197. Since the basis for the equitable lien had already been created and the claim of the Government is not that of a purchaser for value, the recording of the tax lien is immaterial in a contest between these two claimants. It would have been material if the Government's contest was now with a subsequent mortgagee or lienee. See National Surety Corporation v. Massachusetts Bonding & Insurance Co., 280 Ky. 785, 134 S.W.2d 611.

Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, dealing with debts which have priority provides that before payment of dividends to creditors there shall be paid in full out of the bankrupt estate (1) costs and expenses of administration; (2) wages in a limited amount under specified conditions; (3) costs and expenses of creditors who have prevented confirmation of an arrangement; (4) "taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof"; and (5) "debts owing to any person, including the United States, who by the laws of the United States in [is] entitled to priority, and rent owing to a landlord who is entitled to priority by applicable State law." The Government relies upon Subdivisions 4 and 5 as giving it priority over the claim of the Insurance Company. But Section 64 of the Bankruptcy Act deals only with priorities between unsecured claims, and does not disturb valid liens existing at the time of bankruptcy. In re Auto Electric Repair & Parts Co., D.C., 41 F.Supp. 3. It was well settled under the Bankruptcy Act, before its revision by the Chandler Act of 1938, that liens against the bankrupt's property recognized as valid by either Federal or State law, attached to the property in the hands of the trustee after bankruptcy, unless invalidated by some provision of the Act itself. The trustee took no better title than the bankrupt himself had. Section 67 sub. d, Bankruptcy Act of 1898, 11 U.S.C.A. § 107 sub. d; York Mfg. Co. v. Cassell, 201 U.S. 344, 352, 26 S.Ct. 481, 50 L.Ed. 782; Henderson v. Mayer, 225 U.S. 631, 637, 32 S.Ct. 699, 56 L.Ed. 1233; City of Richmond v. Bird, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543; In re Brannon, 5 Cir., 62 F. 2d 959; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979.

This fundamental principle was not changed by the Chandler Act. Although Section 67, sub. d of the Act of 1898 was deleted, yet the principle was retained by the provisions of Section 70, 11 U.S.C.A. § 110, considered in connection with Section 67 of the 1938 Act. Hoehn v. McIntosh, 6 Cir., 110 F.2d 199; Commercial Credit Co. v. Davidson, 5 Cir., 112 F.2d 54; Collier on Bankruptcy, 14th Edition,

714

Section 70.70. Equitable liens are recognized in bankruptcy proceedings as well as common law liens and statutory liens. Collier on Bankruptcy, 14th Edition, Section 63.03, Page 1767, and cases cited in Note 24. If given before the four months' period preceding bankruptcy, they are valid and enforceable against the trustee. Voltz v. Treadway & Marlatt, 6 Cir., 59 F.2d 643; Tobin v. Insurance Agency Co., 8 Cir., 80 F.2d 241. The question remains therefore merely one of priority of liens, both existing before bankruptcy.

■ Section 3466 of the Revised Statutes, Section 191, 31 U.S.C.A. provides in part as follows: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied."

The Government claims that this section gives it priority over the lien of the Insurance Company and relies upon two recent decisions of the Supreme Court of the United States in support of this contention. United States v. Emory, 314 U.S. 423, 62 S.Ct. 317, 86 L.Ed. 315; United States v. State of Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356. Those decisions are rather far reaching in their effect and implications for the future in awarding a Government tax claim priority over not only statutory liens previously existing but even possibly pre-existing recorded mortgages. But the question raised and left undecided by those decisions does not have to be decided in this case. Both of those cases involved distributions in non-bankruptcy cases. The present case is not of that type, but is purely a distribution under the bankruptcy statute. Section 3466 of the Revised Statutes, Section 191, 31 U.S.C.A., is not applicable to proceedings in bankruptcy, where it yields to the specific distribution scheme of the act and where any priority which the United States is entitled to is by virtue of Section 64 of the Bankruptcy Act. Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., 224 U.S. 152, 32 S.Ct. 457, 56 L.Ed. 706; Davis v. Pringle, 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979; United States Fidelity & Guaranty Co. v. Sweeney, 8 Cir., 80 F.2d 235, 240; Claude D. Reese, Inc., v. United States, 5 Cir., 75 F.2d 9; Collier on Bankruptcy, 14th Edition, Section 67.24, Pages 216–223 where the decision in United States v. Texas, supra, is discussed and considered as not applying to a distribution in bankruptcy.

As previously pointed out, Section 64 deals with distributions after payment of existing lien claims. In this case the lien of the Government accordingly remains junior to the prior lien of the Insurance Company.

The Referee's order of December 4, 1942, giving priority to the claim of the Standard Accident Insurance Company over the claim of the United States of America is accordingly affirmed.